### 60762. BRYANT et al. v. THE STATE.

Banke, Judge.

The defendants, David Bryant, Lougene Reid, Charlotte Millen, Leon Strickland, and Eugene Strickland, were jointly indicted and convicted of armed robbery of two liquor store clerks. Following the denial of their joint motion for new trial, they filed a joint notice of appeal. Bryant, who had filed both special and general pleas of insanity, contends that he was entitled to a new trial based on newly discovered evidence supporting those pleas. The other defendants enumerate as error the denial of their motion for directed verdict, contending that as to them the evidence showed only presence at the scene and subsequent flight.

The evidence showed that the five defendants arrived at the liquor store together in an automobile which backed into the parking area so that it was headed directly into the street. Bryant, Millen, and Eugene Strickland entered the store together, while Reid and Leon Strickland waited outside. The store had two sections, a beer section and a liquor section. Bryant went first to the liquor section, where he pulled a pistol on the salesclerk and demanded his money. He then walked to the beer section and robbed that salesclerk, while Millen and Eugene Strickland waited with the liquor clerk, who continued to hold up his hands. All five defendants drove off together, and all five were arrested together a few minutes later. A bystander who had been using a pay phone outside the store testified that as the defendants were leaving, Millen told him that he had better keep his mouth shut and that she also told Bryant to shoot him. Bryant admitted his part in the robbery, but testified that he did not think he had told the others about his intentions before hand. *Held:*

1. The evidence was sufficient to enable a rational trier of fact to make a reasonable finding that the defendants were all guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The evidence was not reasonably consistent with the hypothesis that the other defendants were innocent bystanders.

2. Bryant's contention that he was entitled to a new trial on grounds of newly discovered evidence cannot be considered in this appeal, as the record contains no indication that he sought a new trial on this ground. If, as he alleges, he filed an extraordinary motion for new trial, he evidently filed it after the notice of appeal in this case was filed.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED OCTOBER 28, 1980.

*J. Douglas Willix,* for appellants.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Assistant District Attorneys,* for appellee.